Phyllis BARILLA, Guardian ad Litem for Minor Plaintiffs, Jason Patrick COLBERG, Christy Lynn Colberg and Crystal Lari Colberg, Plaintiffs,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant.

No. CIV–85–954–PHX–RCB.

United States District Court, D. Arizona.

March 31, 1986.

Timothy D. Murphy, Law Offices of James H. Davis, Los Angeles, Cal., for Plaintiff.

John H. Ernster, Thomas D. Peterson-More, Los Angeles, Cal., for Defendant.

## MEMORANDUM AND ORDER

BROOMFIELD, District Judge.

On July 19, 1984, Norman Colberg, a bridge mechanic employed by The Atchison, Topeka and Santa Fe Railway Company, filed a personal injury action against defendant under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.* (FELA). Plaintiff's injuries were sustained as a result of an accident which occurred on February 10, 1984 in which half of a push car fell upon him as a result of defendant's alleged negligence. Plaintiff alleged severe bodily injuries, severe fright, shock and injury to his nervous system, and extreme pain, discomfort and anxiety. Following the accident, plaintiff allegedly suffered from depression and psychological problems and became anxiety-ridden because of his inability to work and to provide for his family. It is alleged that as a result of these circumstances, plaintiff committed suicide on July 15, 1985, approximately one year after the injury.

Pursuant to F.R.Civ.P. 17(c), Phyllis Barilla, personal representative of Colberg's estate and grandmother of his minor children Patrick Colberg, Christy Lynn Colberg, and Crystal Lari Colberg, has been appointed Guardian ad Litem for the purpose of bringing claims in this Court and the complaint has been amended accordingly.

Plaintiff now moves to file a supplemental complaint to add wrongful death as a new cause of action. Alleging a direct causal relationship between decedent's death and the injuries suffered as a result of defendant's alleged negligence, plaintiff contends that this will promote a more complete adjudication of the dispute between the parties and avoid the cost of separately litigating the wrongful death claim. Plaintiff correctly avers that leave to amend should be freely granted when to do so would promote the ends of justice.

Defendant distinguishes the nature of amended and supplemental pleadings, declares that the decision of whether to grant leave to file is based on the court's discretion in each case, and concludes that the factors should be the same whether an amended or supplemental pleading is before the court. Defendant does not contest that leave to amend should be granted freely, but argues that it is within the Court's discretion to deny leave to amend if the complaint, as amended, could not withstand a motion to dismiss. *Neighborhood Development Corporation v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir.1980). *Neighborhood Development* relies on *Bacon v. California,* 438 F.2d 637 (9th Cir. 1971)(per curiam) in asserting this proposition. In *Bacon,* a motion to dismiss was before the court which found that the complaint's deficiency could not be overcome by amendment, and, therefore, dismissal without leave to amend was appropriate. *Id.* at 638. Defendant then argues that there is no factual support for

plaintiff's wrongful death claim, and that the claim is not cognizable under the FELA as a matter of law.

Accepting the proposition that the court may deny the motion if the supplemental complaint cannot survive a motion to dismiss, the court must accept the factual allegations contained in the pleading as true, and resolve all factual ambiguities in favor of the party who sought the amendment. On its face, the complaint states a cause of action, and provides notice of the claim to the defendant. The issue, then, is whether there is clearly no such cognizable claim under the FELA.

Under the FELA, the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. *Id.* Plaintiff has the burden of proving that defendant's negligence was the proximate cause in whole or in part of plaintiff's fatal accident. *Tennant v. Peoria & P.U. Railway Company*, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944). Reasonable foreseeability of harm is an essential ingredient of FELA negligence. *Gallick v. Baltimore and Ohio Railroad Company*, 372 U.S. 108, 83 S.Ct. 659, 665, 9 L.Ed.2d 618 (1963). The Court finds that no such foreseeability has been shown here nor is it reasonable to suppose that defendant could have anticipated such a result.

45 U.S.C.A. § 51 provides that every common carrier shall be liable in damages for such injury or death resulting in whole or in part from the negligence of the carrier. Here, the issue is whether plaintiff's wrongful death by suicide resulted in whole or in part from defendant's negligence.

Citing *Connors v. Gallick*, 339 F.2d 381 (6th Cir.1964), an FELA case, plaintiff maintains that the wrongful death claim here survives. But *Connors* does not reach the issue of proximate cause. Neither plaintiff nor defendant have been able to cite the Court to any FELA case in which recovery for suicide following a covered FELA claim has been permitted nor has the Court discovered any. Defendant apprised the Court of the case of *Tate v. Canonica*, 180 Cal.App.2d 898, 5 Cal. Rptr. 28 (1960) recognizing suicide as a compensable injury for a wrongful death action but correctly distinguishes it as a non-FELA case and one involving an intentional tort, not a negligence claim. The purpose of FELA is to compensate employees for injuries suffered as a direct consequence of employer negligence in the interstate railroad industry. It does not make the employer the insurer of the employee. *Conway v. Consolidated Rail Corporation*, 720 F.2d 221 (1st Cir.1983), *cert. den'd*, 466 U.S. 937, 104 S.Ct. 1911, 80 L.Ed.2d 459 (1984).

The Court finds that, factually, there is an insufficient showing of proximate cause to justify the filing of the supplemental complaint and, additionally, concludes as a matter of law that suicide by a railroad employee is not a proximate cause cognizable in an FELA action nor intended to be remedied by the FELA.

IT IS ORDERED denying plaintiff's motion to supplement complaint.